1

2

3

4

5

6              # UNITED STATES DISTRICT COURT

7                    EASTERN DISTRICT OF CALIFORNIA

8

LEONARD JOHNSON,                          CASE NO. 1:11-cv–00191-LJO-BAM PC
9
                    Plaintiff,            ORDER DISMISSING COMPLAINT, WITH
10                                        LEAVE TO AMEND, FOR FAILURE TO
       v.                                 STATE A CLAIM
11
PLEASANT VALLEY STATE PRISON,             (ECF No. 1)
12  et al.,
                                          THIRTY-DAY DEADLINE
13                  Defendants.
                                    /
14

15  **I.      Screening Requirement**

16          Plaintiff Leonard Johnson is a state prisoner proceeding pro se and in forma pauperis in this

17  civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint filed

18  February 3, 2011.  (ECF No. 1.)

19          The Court is required to screen complaints brought by prisoners seeking relief against a

20  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

24          In determining whether a complaint states a claim, the Court looks to the pleading standard

25  under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

26  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

27  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

28  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1   Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2   544, 555, 127 S. Ct. 1955 (2007)).

3          Under section 1983, Plaintiff must demonstrate that each defendant personally participated

4   in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

5   the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct.

6   at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

7   pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

8   between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting

9   Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

10  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129

11  S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

13  **II.    Discussion**

14         Plaintiff brings this action against Defendants Pleasant Valley State Prison ("PVSP"),

15  California Department of Corrections and Rehabilitation ("CDCR"), James Yates, and H. Martinez,

16  in their individual and official capacities, alleging violations of the Eighth and Fourteenth

17  Amendments.  Plaintiff states that he has been involuntarily confined at PVSP and has been

18  examined and given medication for Valley Fever.  Plaintiff claims that every day he remains at PVSP

19  jeopardizes his health and life.  Plaintiff requests monetary damages and injunctive relief directing

20  that he be transferred to a "Valley Fever Free" institution.

21         For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief.

22  Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies

23  described by the Court in this order.  In the paragraphs that follow, the Court will provide Plaintiff

24  with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the

25  standards and amend only those claims that he believes, in good faith, are cognizable.

26         **A.    Liability**

27         Plaintiff may not bring suit against defendants in their official capacity.  "The Eleventh

28  Amendment bars suits for money damages in federal court against a state, its agencies, and state

2

officials acting in their official capacities." <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007). Additionally, the CDCR is a state agency entitled to Eleventh Amendment Immunity. <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). PVSP is part of the CDCR and, as such, is also entitled to Eleventh Amendment Immunity from suit.

**B.      Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. <u>Hudson v. McMillian</u>, 503 U.S. 1, 9, 112 S. Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. <u>E.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

Where an inmate is challenging the conditions of confinement he must show there was a deprivation "sufficiently serious" to form the basis of a violation and "the prison official acted with a sufficiently culpable state of mind." <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2006) (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. <u>Johnson</u>, 217 F.3d at 731. Although Plaintiff claims that his life and health are in jeopardy by being housed at PVSP, he fails to state more than a speculative risk of harm that is insufficient to state a cognizable claim. Additionally, Plaintiff fails to allege facts to show that any named defendant personally participated in any act or failure to act in response to a known substantial risk of serious harm. <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010).

**C.      Fourteenth Amendment Claim**

The Due Process Clause protects against the deprivation of liberty without due process of law. <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221, 125 S. Ct. 2384, 2393 (2005). In order to state a cause

of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. Id. The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. Sandin v. Conner, 515 U.S. 472, 480, 115 S. Ct. 2293, 2298 (1995).

There is no substantive liberty interest in being housed in a particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); White v. Lambert, 370 F.3d 1002, 1013 (9th Cir. 2004) (overruled on other grounds by Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). Neither the initial decision assigning the inmate to a particular prison nor a subsequent transfer to a different prison implicate the Due Process Clause. Olim, 461 U.S. 244-45; see Moody v. Daggett, 429 U.S. 78, 88 f. 9 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). Plaintiff does not have a liberty interest in being moved to a "Valley Fever Free" prison.

To the extent that Plaintiff attempts to state a due process claim based upon his exposure to Valley Fever, where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc. V. Swift –Eckrick, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In the case of Plaintiff's exposure to Valley Fever, the Eighth Amendment "provides [the] explicit textual source of constitutional protection . . . ." Patel, 103 F.3d at 874. Therefore, the Eighth Amendment rather than the Due Process Clause of the Fourteenth Amendment governs Plaintiff's claim.

## III.    Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

4

1  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

2  Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the

3  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

4  caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

5  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

6  speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

7         Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

8  114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

9  be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

10  causes of action alleged in an original complaint which are not alleged in an amended complaint are

11  waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

12  Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

13         Based on the foregoing, it is HEREBY ORDERED that:

14         1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

15         2.     Plaintiff's complaint, filed February 3, 2011, is dismissed for failure to state a claim

16                upon which relief may be granted under section 1983;

17         3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

18                amended complaint; and

19         4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

20                action will be dismissed, with prejudice, for failure to state a claim.

21       IT IS SO ORDERED.

22  **Dated:**   **February 16, 2012**                  **/s/ Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28