**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD JOHNSON,<br><br>             Plaintiff,<br><br>      v.<br><br>PLEASANT VALLEY STATE PRISON, et al.,<br><br>             Defendants.<br>_____ / | CASE NO. 1:11-cv–00191-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff Leonard Johnson is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on February 3, 2011. On February 16, 2012, an order issued dismissing the complaint, with leave to amend, for failure to state a claim. (ECF No. 11.) Currently before the Court is the first amended complaint, filed March 14, 2012. (ECF No. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)).

This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Plaintiff's Eighth Amendment Claim

### A.     Summary of Allegations

Plaintiff, who is in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is incarcerated at Pleasant Valley State Prison ("PVSP"), and brings this action against Defendants Matthew Cate, R. H. Brazelton, and S. Lonigro alleging deliberate indifference in violation of the Eighth Amendment.

Shortly after being transferred to PVSP on August 20, 2010, Plaintiff began experiencing flu-like symptoms and was eventually diagnosed with Valley Fever. Plaintiff alleges that Defendants were aware through CDCR memorandums that PVSP and seven other facilities were constructed in "hypereudemic" areas. Defendants allegedly have ignored a threat to Plaintiff, and every other prisoner who is housed at PVSP, by placing them where they are exposed to "environmental hazards" in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Plaintiff claims that it has been determined by various publications and news outlets that Rodney Blionen, former undersecretary of the Youth and Adult Correctional Agency, Assemblyman Jim Costa and the former Mayor of Coalinga came into a collective agreement to deliberately poison and

subject prisoners to a toxic environment for the financial benefit of the economy and the CDCR.

**B.     Legal Standard**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S. Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Further, liability may not be imposed under section 1983 against supervisory personnel for the actions or omissions of their subordinates under the theory of *respondeat superior*. Iqbal, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Hudson, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's

necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

**C.    Discussion**

To state a claim that the presence or prevalence of Valley Fever at PVSP constituted a danger to Plaintiff's health, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer, 511 U.S. at 847, 114 S.Ct. 1970; Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004). Even if the risk of contracting Valley Fever is higher at PVSP than in other areas of the state, the Court declines to find that, due to its location, the prison itself constitutes a substantial risk of harm to inmates. See Harvey v. Gonzalez, No. 2:10-cv-04803-VAP (SP), 2011 WL 4625710, *3 (C.D.Cal. July 27, 2011); James v. Yates, No. 1:08-cv-01706-DLB PC, 2010 WL 2465407, *3-4 (E.D.Cal. June 15, 2010); Burr v. Schwarzenegger, No. 2:10-cv-0120-GEB-GGH, 2010 WL 1611371, *2 (E.D.Cal. April 20, 2011). There is no support for such a sweeping proposition, and the Court finds that Plaintiff's Eighth Amendment claim arising from the mere fact that he is being housed at PVSP is not cognizable under section 1983.

Plaintiff's allegations that Mr. Blionen, Assemblyman Costa, and the former Mayor of Coalinga entered into an agreement for the financial benefit of the economy and CDCR is insufficient to show that the named defendants in this action were aware that Plaintiff faced a substantial risk of serious harm. Plaintiff's amended complaint is devoid of any factual allegations supporting a claim that the named defendants knowingly disregarded a substantial risk of harm to his health or safety. Farmer, 511 U.S. at 847. Neither mere negligence, Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), nor the bare fact that Plaintiff contracted Valley Fever gives rise to a cognizable claim, Toguchi, 391 F.3d at 1060. The Court finds that Plaintiff has failed to state any viable claims under section 1983.

### III.     Conclusion and Recommendation

Plaintiff's complaint fails to state a claim for violation of the Eighth Amendment. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, in this action Plaintiff has been granted an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants sufficient to state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed in its entirety, with prejudice, for failure to state a claim upon which relief can be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 16, 2012**                              **/s/ Barbara A. McAuliffe**
                                                                        UNITED STATES MAGISTRATE JUDGE